## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

**A F S LOGISTICS L L C**                      **CIVIL ACTION NO. 25-cv-2017**

**VERSUS**                                     **JUDGE VAN HOOK**

**M R L HOLDCO INC**                           **MAG. JUDGE KAYLA D. MCCLUSKY**

## REPORT AND RECOMMENDATION

Before the undersigned is a Motion to Remand [doc. #13] filed by AFS Logistics LLC ("AFS"). For the reasons assigned below, IT IS RECOMMENDED that the Motion to Remand be DENIED.

## BACKGROUND

On October 16, 2025, AFS filed the instant suit in the First Judicial District Court for the Parish of Caddo, State of Louisiana, asserting a claim against Defendant MRL Holdco Inc. ("MRL") for breach of contract. [doc. #1-2]. On December 12, 2025, MRL filed a Notice of Removal, removing the suit to the Western District of Louisiana. [doc. #1]. AFS's breach of contract claim arises from MRL's alleged early and improper termination of an agreement between the parties for parcel pre-audit and parcel management services. [doc. #1-2].

On January 6, 2026, AFS filed a Motion to Remand. [doc. #13]. AFS asserts that MRL's removal of the suit was procedurally deficient as it was filed thirty-two days after MRL was served with the Complaint. *Id.* Under 28 U.S.C. § 1446 (b)(1), MRL was required to file a notice of removal within thirty days of service of process. *Id.* AFS alleges that MRL was served

on November 10, 2025, but did not file its Notice of Removal until December 12, 2025, which was two days after the statutory deadline. *Id.*

On January 27, 2026, MRL filed an Opposition to the Motion to Remand. [doc. #25]. MRL argues that it was not properly served until November 12, 2025. *Id.* Because service was not properly effectuated until that date, the Notice of Removal was timely filed. *Id.* MRL presents the return receipt, which AFS purports to show service was complete on November 10, 2025. *Id.* MRL instead asserts that the return receipt demonstrates that the Complaint was delivered to the incorrect law firm which, though in the same building, is not affiliated with MRL or its registered agent. *Id.* MRL contends that this error was not corrected until November 12, 2025, when the Complaint was properly delivered to MRL's registered agent, Osborn Maledon, P.A. *Id.* MRL does not contest that it was properly served on November 12, 2025, but does assert that this date of service makes the Notice of Removal timely. *Id.*

AFS did not file a reply to the Opposition to the Motion to Remand and the time to do so has elapsed. Accordingly, the matter is now ripe.

## LAW AND ANALYSIS

### I.    Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).[1] Subject matter jurisdiction must

---

[1] AFS does not dispute in its instant motion that the requirements of diversity are satisfied, merely that it is procedurally improper.

exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

## II.    <u>Motion to Remand</u>

AFS asserts that it properly served MRL pursuant to the Louisiana Long Arm Statute on November 10, 2025, via certified mail. [doc. #13].

The Louisiana Long Arm Statute permits service of nonresident defendants by sending a certified copy of the summons and complaint by certified mail to the defendant:

> In a suit under R.S. 13:3201, a certified copy of the citation ... shall be sent ... to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited or small claims jurisdiction.

La. R.S. § 13:3204. The 30-day window for removal begins to run when there is actual service. *See Babin v. Isaman*, 2009 WL 3672901, at *4-5 (M.D. La. Nov. 4, 2009) (citing *Richoux v. CSR, Ltd.*, 2008 WL 576242 (E.D. La. Feb. 29, 2008)).

AFS relies primarily on the decision in *Johnson v. EP Expedited Transport LLC* to support the argument that service was proper. 2025 WL 1833401, at *2 (W.D. La. May 27,

3

2025); [doc. #13, p. 4].  AFS additionally points to several state law cases.  [doc. #13, p. 4]; *Wood v. Hackler*, 52,791 (La. App. 2 Cir. 8/14/19), 276 So.3d 1136, 1140-41 (quoting *McFarland v. Dippel*, 1999-0584 (La. App. 1 Cir. 3/31/00), 756 So.2d 618, 622 *writ denied* 2000-1794 (La. 9/29/00), 770 So.2d 349; *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 2004-892 (La. App. 3 Cir. 12/8/04), 889 So.2d 442, 444-45.  These decisions stand for the proposition that service pursuant to the Louisiana Long Arm Statute is perfected when sent by registered or certified mail regardless of whether there is a signed return receipt.  *McFarland*, 756 So.2d at 622 ("[A]ll that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person."); *HTS, Inc.*, 889 So.2d at 444-45) ("There is no requirement under § 13:3204 for a signed return receipt.").  However, none of these cases involve a dispute as to the time of service because the notice was picked up and then delivered by courier to an individual who was not the defendant's registered agent. *See McFarland*, 756 So.2d at 620 ("It is undisputed that a copy of the citation and of the petition was sent by [the defense] attorney to McFarland at his correct residential address."); *HTS, Inc.*, 889 So.2d 442, 445.  Instead, these decisions involved situations where the Defendant either refused or ignored receipt of service sent to the correct address.

The Court finds the case of *Adm'rs of Tulane Educ. Fund,* cited by the *Johnson* court, to be more analogous to the instant case.  *Johnson*, 2025 WL 1833401, at *6 (citing *Adm'rs of Tulane Educ. Fund v. Ortego*, 475 So. 2d 764 (La. 1985) (finding service of process invalid when "[t]he librarian...had not been designated to receive mail for the defendant but merely sorted it for the school. Defendant, as far as the record reflects, did not receive the letter and was in fact not even in California when the mailing was received at the school.").  Here, as MRL has

4

demonstrated through its attached declarations, the mail was not picked up from the post office by MRL or its registered agent.  [doc. #25-1].  Instead, a third-party courier picked up the petition.  However, because the mail had been improperly sorted by the post office, the third-party courier delivered the petition to another, unaffiliated law firm.  *Id*.  The return receipt attached by both parties demonstrates that the MRL's agent did not receive the petition from either the post office or the courier.  Instead, MRL's agent received the petition two days later when, as a courtesy, the unaffiliated law firm forwarded it to him.

Pursuant to La. R.S. § 13:3204, "the notice must be received by defendant or by a person authorized to receive mail on his behalf" for service of process to be valid.  *Adm'rs of Tulane Educ. Fund*, 475 So. 2d at 764.  Thus, the service was not valid under Louisiana's Long-Arm statute until MRL received the petition on November 12, 2025. Given this particular set of facts, the removal filed on December 12, 2025, was timely because it was filed within thirty days of the MRL's actual receipt of the petition.

Accordingly, **IT IS RECOMMENDED** that the Motion to Remand [doc. #13] be **DENIED**.

### CONCLUSION

For the above assigned reasons, **IT IS RECOMMENDED** that the Motion to Remand [doc. #13] filed by AFS be **DENIED**.[2]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

---

[2] Pursuant to the Order [doc. #16] granted by the undersigned on January 9, 2026, AFS has fifteen (15) days from the issue date of this Report and Recommendation to file an opposition to MRL's pending Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2) or, In the Alternative, to Transfer Under 28 U.S.C. § 1404(a) [doc. #8].

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED. R. CIV. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 1st day of July, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE